**UNITED STATES DISTRICT COURT**

**DISTRICT OF MAINE**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) ) ) ) | |
| v. | ) ) | **No. 1:07-cr-74-DBH-03** |
| **DANIEL LITTLEFIELD,** | ) ) ) | |
| **Defendant** | ) | |

**ORDER ON MOTION TO APPOINT COUNSEL AND REDUCE SENTENCE**

The defendant Daniel Littlefield has moved for the appointment of a lawyer to pursue a sentence reduction under the retroactive more lenient crack cocaine Guidelines. Def. Letter Mot. to Reduce Sentence (Docket Item 1139). Because he cannot qualify for a reduction, the motion is **Denied**.

The sentencing Guidelines were determined under the § 2S1.1(a)(1) money laundering guideline, which set the Base Offense Level based on the underlying drug quantity, which for Littlefield was 12.36 kilograms of cocaine powder and 48 grams of crack cocaine. At the time Littlefield was sentenced, these quantities were then converted into a total drug quantity of 3,432 kilograms of marijuana equivalent. At that time, that drug quantity resulted in a Base Offense Level of 34 (3,000 to 10,000 kilograms of marijuana) but, pursuant to § 2D1.1 comment n.10(D)(i), two levels were subtracted because the case involved both crack cocaine and at least one other type of drug. Therefore, the Base Offense Level was reduced to 32. Littlefield also received a

2-level enhancement for being convicted of money laundering under § 2S1.1(b)(2)(B) and a 3-level reduction for acceptance of responsibility, which resulted in a Total Offense Level of 31.  In combination with his Criminal History Category of II, the Guideline range was 121-151 months.  Under the reduced crack cocaine Guideline, using the new conversion factor of 1 gram of crack equal to 3,571 grams of marijuana, the drugs listed above result in a revised total drug quantity of 2,643.4 kilograms of marijuana equivalent, which is a Base Offense Level of 32 (1,000 to 3,000 kilograms of marijuana).  But the previous 2-level reduction for the combination of crack cocaine and another drug is not available under the retroactive crack cocaine Guideline now that the offense levels have been reduced.  As a result, the Base Offense Level remains 32, the same as determined at the initial sentence.  Accordingly, Littlefield's Total Offense Level and his guideline range remain unchanged, and the defendant does not qualify for a reduction under the amendment.

Littlefield did receive a § 5K1.1 motion at sentencing, but that has no impact because the Guideline range today is no different than that used at his initial sentencing.

**SO ORDERED.**

**DATED THIS 4TH DAY OF NOVEMBER, 2011**

/s/D. Brock Hornby  
**D. BROCK HORNBY**  
**UNITED STATES DISTRICT JUDGE**